AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Jovanni AGUIAR VIERA<br><br>*Defendant(s)* | Case No. 2:20-mj-591 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __08/26/2020__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Section 846 | Conspiracy to possess with intent to distribute over 400 grams of a mixture or substance containing a detectable amount of Fentanyl |

This criminal complaint is based on these facts:

See attached affidavit, which is incorporated by reference.

☑ Continued on the attached sheet.

*Complainant's signature*

Anthony Martin, SA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/28/2020

City and state: Columbus, Ohio

Elizabeth Preston Deavers, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Anthony D. Martin, (hereafter referred to as affiant) being duly sworn depose and state:

## INTRODUCTION

I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C.§ 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. Your affiant has been employed by the DEA since June, 2018. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878.

Prior to being employed by the DEA your affiant was employed by the Ohio State Highway Patrol from September, 2012 until June, 2018. During this time, your affiant has accumulated the following training and experience:

(a) I graduated from the DEA Academy located at the FBI Academy, Quantico, Virginia. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques and money laundering investigations.

(b) During the course of my law enforcement career I have had experience in debriefing defendants; interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances.

(c) As a DEA agent an Ohio State Trooper, I have participated in the execution of numerous search warrants at the residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous arrests for drug related offenses. I have drafted numerous search warrants.

(d) As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C.§801.

(e) During the course of my law enforcement career, I have completed the following training; Ohio State Highway Patrol Training Academy (February 2013), Commercial Motor Vehicle Criminal Interdiction Training (December 2013), DEA's Basic Narcotic Investigator course (September 2016), Motor Vehicle Criminal Interdiction

Association/El Paso Intelligence Center training (August 2016, August 2017), Ohio Narcotics Association Regional Coordinating Officers training (October 2016, October 2017), Ohio Narcotics Association Regional Coordinating Officers Basic Drug/Undercover Investigations course (April 2017), Basic Clandestine Lab (September 2017)

The information set forth in this affidavit comes from your affiant's personal involvement in this investigation, as well as information provided to your affiant by other law enforcement officers. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this investigation.

## PROBABLE CAUSE

1. Since April, 2020, DEA Columbus has been investigating the drug trafficking activities of Abel PARDO RODRIGUEZ, Gilberto FLORES, Jovanni AGUIAR VIERA and Willis CRUZ (PARDO RODRIGUEZ Drug Trafficking Organization (DTO). PARDO RODRIGUEZ and FLORES have been identified as facilitators, possessors and distributors of large amounts of fentanyl, and heroin in the Columbus, OH area. AGUIAR VIERA has been identified as a narcotics courier, possessor and distributor of large amounts of fentanyl, and heroin in the Columbus, OH area. CRUZ has been identified as an aftermarket hidden compartment builder to conceal large amounts of fentanyl, and heroin in route to the Columbus, OH and eastern United States area. Your affiant, or other investigators assigned to this case, have interviewed a confidential sources (CS), regarding the PARDO RODRIGUEZ DTO. The CS's information has been corroborated by your affiant, and or other investigators assigned to this case. This corroboration was achieved through a combination of a traffic stop, parcel interdictions, physical surveillance, geo location data, administrative subpoenas and various other sources.

2. The CS indicated that PARDO RODRIGUEZ was working in the Columbus, Ohio area and distributing large amounts of narcotics. Information gained from various sources during the course of the investigation indicated that the PARDO RODRIGUEZ DTO receives narcotics via parcels and vehicles that contain aftermarket hidden compartments and the narcotics are being sent from southern California to Columbus, Ohio and various parts of North Carolina.

3. On or about April 1, 2020, law enforcement seized a parcel (Parcel #1) from the United Parcel Services (UPS). Parcel #1 was sent from a Jose Osvno from a UPS store in Gardena California to a Gil Flores to 2810 Citizens Place, Columbus, Ohio 43232. Parcel #1 was found to contain approximately 227 grams of suspected heroin. Your affiant believes Gil Flores to be short for Gilberto FLORES and that FLORES was the intended receiver of Parcel #1.

4. In June 2020, information gained from various sources during the course of the investigation indicated that the PARDO RODRIGUEZ DTO had a vehicle with an aftermarket hidden compartment and that members utilize it to transport narcotics from southern California to the Columbus, Ohio area. Investigators observed PARDO RODRIGUEZ, FLORES, and AGUIAR VIERA driving and associating with a 2010 Mercedes Benz E320 bearing California registration 8HLT757, at 648 West 92nd Street Apartment 19, Los Angeles, California 90044. Investigators further observed PARDO RODRIGUEZ, FLORES, and AGUIAR VIERA at CRUZ's residence with the 2010 Mercedes Benz E320. CRUZ appeared to be working on and near the right rocker panel. During this same time information gained from various sources during the course of the investigation indicated that PARDO RODRIGUEZ was unhappy with the concealment of the aftermarket hidden compartment on one of the PARDO RODRIGUEZ DTO's vehicles and was having work done to better conceal it. Your affiant believes CRUZ works for the PARDO RODRIGUEZ DTO and is the mechanic who was working to better conceal the aftermarket hidden compartment on the 2010 Mercedes Benz E320.

5. Investigators further observed PARDO RODRIGUEZ, FLORES and AGUIAR VIERA making multiple visits to convenient stores that offer electronic money wire services. PARDO RODRIGUEZ, FLORES and AGUIAR VIERA were observed taking turns going into the stores for short periods of time and returning to their vehicle with only receipts in their hands. Your affiant knows that it is a common practice of DTO's to send money via electronic money wire services in amounts under $1,000.00 to avoid law enforcement detection. Your affiant believes PARDO RODRIGUEZ, FLORES and AGUIAR VIERA were sending money in the form of a payment or a down payment in preparation for a shipment of narcotics.

6. On or about June 25, 2020, law enforcement conducted a traffic stop on AGUIAR VIERA in the 2010 Mercedes Benz E320 while eastbound on Interstate 40 near mile post 25 in Memphis/Shelby County Tennessee. The traffic stop resulted in the seizure of approximately 4950 grams of suspected fentanyl, approximately 500 grams of heroin, 2465 pills believed to be Oxycodone in an aftermarket hidden compartment in the right rocker panel. Your affiant believes that AGUIAR VIERA was acting under the PARDO RODRIGUEZ DTO and transporting their narcotics to a purchaser in the southeastern United States.

7. During the course of the investigation, investigators observed PARDO RODRIGUEZ, FLORES, AGUIAR VIERA and vehicles associated with them at 456 Derrer Road, Columbus, Ohio 43204 on multiple occasions.

8. Just prior to July 24, 2020, information gained from various sources during the course of the investigation indicated that the PARDO RODRIGUEZ DTO was expecting a parcel to arrive in the mail that contained narcotics.

9. On or about July 24, 2020, law enforcement seized a parcel (Parcel #2) from FedEx. Parcel #2 was sent from Jose Reyes Osuna at 648 West 92nd Street Apartment 19, Los Angeles,

California 90044 to Jose Partida Firma at 456 Derrer Road. Parcel #2 was found to contain approximately 953 grams of suspected fentanyl. After the time that Parcel #2 was scheduled to be delivered investigators observed PARDO RODRIGUEZ drive by 456 Derrer Road. Your affiant believes that PARDO RODRIGUEZ was driving by the residence to see if Parcel #2 had been delivered and if it had been, he was going to retrieve it.

10. After Parcel #2 was seized information gained from various sources during the course of the investigation indicated that the parcel that the PARDO RODRIGUEZ DTO was expecting to arrive was seized prior to its arrival. Your affiant believes Parcel #2 was the parcel that the information gained from various sources during the course of the investigation indicated was scheduled to arrive but did not.

11. On or about August 26, 2020, law enforcement seized a parcel (Parcel #3) from FedEx. Parcel #3 was sent from Jose Osuna at 648 West 92nd Street Apartment 13, Los Angeles, California 90044 to Manuel Mendoza at 456 Derrer Road, Columbus, Ohio 43204. Parcel #3 was found to contain approximately 544 grams of suspected fentanyl. Prior to the expected delivery time of Parcel #3, investigators observed PARDO RODRIGUEZ park approximately 1.5 blocks south of 456 Derrer Road and park in a way that he could see up Derrer Road toward the residence. Just before the expected delivery time of Parcel #3, investigators observed PARDO RODRIGUEZ, get out of his vehicle and walk up Derrer Road toward the residence. While walking PARDO RODRIGUEZ was looking all around. Your affiant believes PARDO RODRIGUEZ was looking all around to see if law enforcement was watching him before he went to retrieve Parcel #3. PARDO RODRIGUEZ was observed walking around the area in a way that he could occasionally see the residence for approximately 20 minutes prior to returning to his vehicle and departing the area. Your affiant believes that PARDO RODRIGUEZ was watching and waiting to see if Parcel #3 was going to arrive and when it did not arrive as scheduled he departed.

12. Your affiant noted that the sender name on Parcel #1, Parcel #2 and Parcel #3, Jose Osvno, Jose Reyes Osuna, Jose Osuna all appear to be similar and possibly the same name just different versions/spellings, indicating that all three parcels were sent form the same person/organization. Your affiant further noted that the sender address of Parcel #2 and the registered address on the 2010 Mercedes Benz E320 are the exact same and the address on Parcel #3 is the same except for the apartment number being a 13 instead of a 19. Your affiant believes these similarities ensure all 4 seizures are part of the PARDO RODRIGUEZ DTO.

13. Your affiant believes Abel PARDO RODRIGUEZ, Gilberto FLORES, Jovanni AGUIAR VIERA and Willis CRUZ are working in conjunction with each other as the PARDO RODRIGUEZ DTO in order distribute large amounts of heroin and fentanyl.

14. Based upon my training, experience and my review of the evidence gathered by agents and other investigators assigned to this investigation, there is probable cause to believe

Jovanni AGUIAR VIERA and others have violated 21 U.S.C 846, conspiracy to possess with intent to distribute over 400 grams of fentanyl. This affidavit is in support of a request for the issuance of a Federal complaint and arrest warrant for Jovanni AGUIAR VIERA.

Anthony Martin
Special Agent
Drug Enforcement Administration

Subscribed and sworn before me this 28th day of August, 2020.

Honorable Elizabeth A. Preston Deavers
Chief United States Magistrate Judge
Southern District of Ohio